## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RICHARD W. PORTER, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NOS.** |
| **v.** ) | **23-40130-MRG** |
| ) | **23-40153-MRG** |
| **WAKEFIELD POLICE DEPARTMENT, et** ) | **24-40009-MRG** |
| **al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### ORDER
**March 6, 2024**

**GUZMAN, D.J.**

        In these three actions, plaintiff Richard W. Porter, Jr., who is representing himself, alleges that pursuant to a series of commitment orders, he has been wrongfully confined at the Worcester Recovery Center and Hospital ("WRCH") since the fall of 2020.   His filings indicate that the most recent commitment order was issued by the Worcester District Court on October 18, 2023.  *See, e.g.*, C.A. No. 23-40130-MRG (ECF No. 5, 6, 10-12); C.A. No. 23-40009-MRG (ECF No. 1).  Although the complaints are not identical, the thrust of the pleadings is that his confinement is unlawful.  Porter explicitly seeks discharge from WRCH in two of these actions. *See* C.A. No. 23-40130-MRG (ECF Nos. 5, 6, 10-12); C.A. No. 23-40153-MRG (ECF Nos. 1, 2).  For the reasons stated below, the Court DISMISSES these actions.

        In a federal court, challenges to the fact or duration of one's confinement by the government must be asserted in a petition for a writ of habeas corpus.  *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.").  A party seeking relief

through a habeas petition must exhaust available state remedies—including state appellate remedies—prior to seeking habeas relief in a federal court.[1]

Construing Porter's pleadings in these actions as requests for habeas relief, the Court must deny him the requested relief. Porter does not allege that he has exhausted his state court remedies, and there is no basis for the Court to believe that Porter is without any other remedy to challenge the validity of his confinement or to seek release other than by filing a habeas petition in a federal district court.[2]

Accordingly, the Court DISMISSES these actions. Any pending motions shall be terminated as moot. No filing fees are assessed.

By separate order, the Court will warn Porter that his continued filing of repetitive or frivolous actions may result in sanctions.

**So Ordered.**

　/s/ Margaret R. Guzman　　　　
MARGARET R. GUZMAN
UNITED STATES DISTRICT JUDGE

Dated: March 6, 2024

---

[1] In the absence of specific information concerning the underlying commitment and/or criminal proceedings, the Court cannot determine whether the proper vehicle for a person in Porter's situation to seek habeas relief in a federal district court would be a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (allowing a person "in custody pursuant to the judgment of a State" to seek habeas relief), or under 28 U.S.C. § 2241 (general habeas statute). For purposes of this order, the distinction is irrelevant. Section 2254 explicitly requires a petitioner to exhaust available state remedies. *See* 28 U.S.C. § 2254(b), (c). Although § 2241 does not contain a provision concerning the exhaustion of other remedies, the Court may deny a § 2241 habeas petition if the petitioner has not exhausted his state remedies. *See, e.g.*, *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005) ("A habeas petitioner seeking relief under 28 U.S.C. § 2241 is generally required to exhaust state remedies.").

[2] The Court notes that damages are not available in a habeas action. *See Muhammad*, 540 U.S. at 751.