UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **RICHARD W. PORTER, JR.,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**WAKEFIELD POLICE DEPARTMENT, et al.,** )<br>)<br>Defendants. )<br>) | CIVIL ACTION NOS.<br>23-40130-MRG<br>23-40153-MRG<br>24-40009-MRG |

**WARNING AGAINST ENGAGING IN REPETITIOUS OR FRIVOLOUS LITIGATION**

**March 6, 2024**

**GUZMAN, D.J.**

Judicial resources are limited and should not be diverted to frivolous[1] or repetitious claims. As the Supreme Court has explained, "every paper filed [with the Court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources." *In re McDonald*, 489 U.S. 180, 184 (1989) (per curiam). This Court has a "responsibility to see that these resources are allocated in a way that promotes the interests of justice." *Id.* The "continual processing" of "repetitious or frivolous" actions "does not promote that end." *Id.* "Federal courts possess discretionary powers to regulate the conduct of abusive litigants" and "[t]his includes the ability to enjoin a party—even a *pro se* party—from filing frivolous and vexatious motions." *United States v. Gomez-Rosario*, 418 F.3d 90, 101 (1st Cir. 2005).

---

[1] As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff or the importance the claim has for the plaintiff. Rather, in legal parlance, a complaint is "frivolous," if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff Richard Porter's numerous repetitious or frivolous filings in this Court have wasted the Court's limited resources. The Court warns Porter that he could be subject to sanctions—including filing restrictions—should he continue this pattern of litigation.

I.      **Porter's Litigation History in this Court**

Between July 20, 2023 and January 29, 2024, Porter filed twenty-nine actions in this Court, all of which were dismissed on an initial screening. *See Porter v. Commonwealth of Mass. et al.*, C.A. No. 23-40084-MRG; *Porter v. Malden District Court et al.*, C.A. No. 23-40086-TSH; *Porter v. Town of Candia, N.H. et al.*, C.A. No. 23-40096-TSH; *Porter v. Commonwealth of Mass. et al.*, C.A. No. 23-40114-TSH; *Porter v. Town of Londonderry et al.*, C.A. No. 23-401C.A. No. 23-MRG; *Porter v. Wakefield Police et al.*, C.A. No. 23-40130-MRG; *Porter v. Morino et al.*, C.A. No. 23-40133-MRG; *Porter v. Commonwealth of Mass. et al.*, C.A. No. 23-40134-MRG; *Porter v. McDermott Revokeable Trust et al.*, C.A. No. 23-40135-MRG; *Porter v. Ryan et al.*, C.A. No. 23-40137-MRG; *Porter v. Morino*, C.A. No. 23-40138-MRG; *Porter v. Malden District Court et al.*, C.A. No. 23-40139-MRG; *Porter v. Candia Police Department et al.*, C.A. No. 23-41043-MRG; *Porter v. CPCS et al.*, C.A. No. 23-40146-MRG; *Porter v. Thompson et al.*, C.A. No. 23-40148-MRG; *Porter v. St. Onge et al.*, C.A. No. 23-41049-MRG; *Axcella Building Realty Trust et al. v. Thompson*, C.A. No. 23-40151-MRG; *Porter v. Candia Police et al.*, C.A. No. 23-41052-MRG; *Porter v. Frommer et al.*, C.A. No. 23-40153-MRG; *Porter v. New Hampshire et al.*, C.A. No. 23-41057-MRG; *Porter v. Dep't of Mental Health et al.*, C.A. No. 23-40163-MRG; *Porter v. D + C Revocable Family Trust et al.*, C.A. No. 23-40170-MRG; *Porter v. Commonwealth of Mass. et al.*, C.A. No. 23-40179-MRG; *Porter v. Town of Wakefield et al.*, C.A. No. 23-40181-MRG; *Porter v. City of Framingham*, C.A. No. 24-40007-MRG; *Porter v. Roy*, C.A. No. 24-40008-MRG; *Porter v. CPCS*, C.A. No. 24-40009-MRG; *Porter v. McDermott*, C.A. No. 24-40013-MRG; *Porter v. Town of Candia*, C.A. No. 24-40014-MRG; *Porter v. Town of Candia*, C.A. No. 24-40016-MRG.

Porter's pleadings generally fall into two categories. In the first category, Porter challenged the legality and length of his confinement at Worcester Recovery Center and Hospital ("WRCH"). *See, e.g.*, *Porter v. Dep't of Mental Health et al.*, C.A. No. 23-40163-MRG; *Porter v. Town of Wakefield et al.*, C.A. No. 23-40181-MRG. Broadly speaking, cases in this category were dismissed because (1) challenges to allegedly unlawful confinement may be pursued only in an action for habeas relief; and (2) Porter could not seek habeas relief unless he had exhausted available state remedies.

In the second category, Porter asserted that various individuals wrongfully occupied property in Massachusetts and New Hampshire that he allegedly owns. *See, e.g.*, *Porter v. St Onge et al.*, C.A. No. 23-40149-MRG; *Axcella Building Realty Trust et al. v. Thompson*, C.A. No. 23-40151-MRG; *Porter v. City of Framingham et al.*, 24-40007-MRG. The cases in this category were dismissed as frivolous, or, in some of the cases involving property in New Hampshire, for lack of venue.

**II.     Discussion**

"[L]itigiousness alone will not support an injunction against a plaintiff." *Otis Elevator Co. v. Int'l Union Of Elevator Constructors, Loc. 4*, 408 F.3d 1, 10 (1st Cir. 2005) (quoting *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir.1980)). However, a pattern of filing repetitious or frivolous actions is a waste of judicial resources. *See, e.g.*, *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021) ("[A] plaintiff's duplicative complaint is an abuse of the judicial process."); *Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) ("When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process.").

As the Court has a "responsibility to see that [judicial] resources are allocated in a way that promotes the interests of justice," *In re McDonald*, 489 U.S. at 184, the Court may impose sanctions on Porter if he continues to file repetitious or frivolous claims.  *See, e.g.*, *United States v. Petlechkov*, 72 F.4th 699, 710 (6th Cir. 2023) ("Filing restrictions are 'the proper method for handling the complaints of prolific litigators,' and a district court may impose one at its discretion." (quoting *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987))); *Conway v. Nusbaum*, 109 F. App'x 42, 44 (6th Cir. 2004) ("[T]he court may impose prefiling restrictions on an individual with a history of repetitive or vexatious litigation.").

A.      **Repetitious Challenges to Confinement**

Between January 23, 2023 and October 2, 2023, in four cases Court dismissed Porter's challenge to the fact of his confinement at WRCH on the ground that (1) in a federal court, challenges to the fact confinement must be brought in a habeas petition; and (2) habeas review was not merited because state court remedies were available to Porter.  *See Porter v. Commonwealth*, C.A. 22-40101-ADB; *Porter v. Commonwealth*, C.A. No. 23-40084-MRG; *Porter v. Malden Dist. Ct.*, C.A. No. 23-40086-TSH; *Porter v. Commonwealth*, C.A. No. 23-40114-TSH.  Notwithstanding, between October 19, 2023 and January 22, 2024, Porter filed six more actions in this Court challenging the validity of his confinement without first exhausting his state remedies.  All of these cases have been dismissed upon an initial screening in whole or in part because Porter cannot challenge his confinement in this Court unless he has exhausted his state court remedies.  *See Porter v. Wakefield Police*, C.A. No. 23-40130-MRG; *Porter v. CPCS*, C.A. No. 23-40146-MRG; *Porter v. Frommer*, C.A. No. 23-40153-MRG; *Porter v. Dep't of Mental Health*, C.A. No. 23-40163-MRG; *Porter v. Town of Wakefield*, C.A. No. 23-40181-MRG; *Porter v. CPCS*, C.A. No. 24-40009-MRG.

A claim that one's confinement under civil commitment orders is unlawful is not necessarily frivolous. Nonetheless, the repetitious filing of claims that have already been rejected is an abuse of the judicial system and therefore sanctionable.

### B. Claims to Property

Porter is now on notice that his extraordinary claims that people are occupying property he allegedly owns are frivolous. The continued filing of these frivolous claims could result in sanctions.

In addition, Porter is on notice that, in general, venue in this District is not proper for claims concerning events in New Hampshire. To the extent that Porter wants to bring non-frivolous claims concerning events in New Hampshire, he should file those claims in the proper venue.

### III. Conclusion

This Order shall serve as notice that the Court hopes will deter Porter from filing repetitious or frivolous claims going forward. The Court WARNS Porter that, should he persist in filing repetitious or frivolous claims, he be subject to sanctions, including without limitation, an injunction requiring him to obtain the Court's permission before filing a new action or limitations on his ability to proceed without prepayment of the filing fee.

**So Ordered.**

　　　　　　　　　　　　　　　　　　　　/s/ Margaret R. Guzman
　　　　　　　　　　　　　　　　　　　　MARGARET R. GUZMAN
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated:   March 6, 2024